**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-20449-CR-ALTONAGA**

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

CHUNZAI WANG,

                      Defendant.

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Defendant Chunzai Wang ("Dr. Wang"), by and through his undersigned counsel, respectfully requests the Court to grant this Motion in Limine to Preclude the government from using three unsigned contracts between Dr. Wang and entities in China to attempt to establish that the parties, in fact, acted in compliance with the contractual provisions.

**I.     INTRODUCTION**

Dr. Wang is one of the foremost experts on ocean-atmosphere interaction, climate change, and hurricanes in the world. He worked as a Research Oceanographer in the Atlantic Oceanographic and Meteorological Laboratory ("AOML") of the National Oceanic and Atmospheric Administration ("NOAA") for more than 17 years. In 2012, his stellar accomplishments were formally recognized when he received the NOAA Employee of the Year award for being the most outstanding employee in NOAA.

Dr. Wang stands charged with violating 18 U.S.C. § 287 (Counts 1-5), for submitting False, Fictitious or Fraudulent Claims (commonly known as "time and attendance fraud"), as well as 18 U.S.C. §§ 209(a) and 216(a)(2) (Counts 6-8), for Illegal Supplementation of

Government Salary.  ECF 1.  Pertinent to the instant Motion, the Indictment alleges that Dr. Wang "knowingly and willfully receive[d]" salary or supplementation of salary as compensation for his services as an employee of NOAA/AOML from the People's Republic of China, through the Changjiang Scholars Program (Count 6), 973 Program (Count 7), and Thousand Talents Program (Count 8).  ECF 1.

## II.     BACKGROUND

While he was employed by NOAA, Dr. Wang also was involved with the three Chinese programs identified in the Indictment.  The first was the Changjiang Scholar's Program, an award given to outstanding scientists in various fields, including oceanography and meteorology.  Dr. Wang was awarded the Changjiang Scholar's Award in February 2010 for his outstanding achievements.  As a Changjiang Scholar, Dr. Wang was to mentor students and junior professors at the Ocean University of China ("OUC").  The second program was known as the 973 Research Proposal, a research project that studied the response and modulation mechanism of upper ocean typhoons in the Western Pacific ocean.  The third entity was known as the Thousand Talents Program, where Dr. Wang was to research topics relating to Pacific climate change.  Dr. Wang made no attempt to conceal his involvement in any of these programs.  Indeed, he touted his involvement in these programs during his yearly performance review and identified his participation in them as some of his "major accomplishments."  And Dr. Wang specifically requested that his supervisor write a letter of recommendation to support his participation in the Thousand Talents Program─a request agreed to by the supervisor.

The government has now alleged that Dr. Wang's participation in these three programs violated 18 U.S.C. §§ 209(a) and 216(a)(2).  It is apparently the government's contention that these three entities paid Dr. Wang and that this compensation was for Dr. Wang's "services as an

2

officer or employee of" NOAA.  The unsigned contracts at issue,[1] seized by the government from Dr. Wang's NOAA email account, purport to identify an amount that Dr. Wang would be compensated and what work he was expected to do.  The defense anticipates that the government will contend at trial that the compensation identified in the unsigned contracts was, in fact, paid to Dr. Wang and, further, that Dr. Wang did all of the work outlined in the contracts.

### III.   ARGUMENT

Any use of these unsigned contracts[2] to suggest that Dr. Wang received any payments or that Dr. Wang performed the tasks specified in the contracts would violate the prohibition against hearsay.  Accordingly, the government should be barred from using the contracts as evidence that Dr. Wang received any payments or that he did any particular work.  The introduction of such hearsay, if not preliminarily addressed, will result in the introduction of prejudicial evidence during opening argument and at trial, for which there would be no effective cure.

A violation of 18 U.S.C. § 209 consists of four elements: (1) a non-government party; (2) makes a contribution or supplementation to; (3) the salary of an executive branch official; (4) as compensation for his services as an officer or employee of the executive branch.  *United States v. Alfonzo-Reyes*, 592 F.3d 280, 292 (1st Cir. 2010).  To successfully prove a violation 18 U.S.C. § 209, the government must prove that the payor intended its payment to compensate for the employee's government work, the payee intended to receive the payment as compensation for his

---

[1] *See* Exhibits 1, 2 & 3, attached.

[2] The contracts themselves state that they are not valid, legally binding contracts unless signed by both parties.  The documents seized by the government are not signed.  Moreover, the use of the unsigned contracts to try and establish that certain conduct occurred would be particularly inappropriate in that the contracts, by their nature, are promises of future conduct.  Even if there were a hearsay exception that applied in this instance – and there is not – the unsigned contracts are not evidence that the payments were, in fact, ever made or that the work was ever done.

government work, and the work at issue was actually the employee's government work. *United States v. Project on Gov't Oversight*, 616 F.3d 544, 559 (D.C. Cir. 2010). Thus, to prevail at trial, the government must establish that Dr. Wang did, in fact, receive compensation from a non-governmental agency and that this money was paid to him for work that he did on behalf of NOAA.

Any effort to use the unsigned contracts to attempt to establish either that Dr. Wang received any particular funds OR that Dr. Wang performed any specified tasks would violate the prohibition against hearsay.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *McCaskill v. Ray*, 279 F. App'x 913, 914 (11th Cir. 2008); Fed. R. Evid. 801(c). A statement includes both written and oral assertions. Fed. R. Evid. 801(a). "Hearsay is inadmissible unless the statement is not hearsay as provided by Rule 801(d), or falls into one of the hearsay exceptions enumerated in Rules 803, 804, and 807." *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302–03 (S.D. Fla. 2016) (eBay documents inadmissible hearsay to prove that the plaintiff was the individual who created an eBay account and how the account was used).

The unsigned contracts cannot be used to establish, argue, imply, infer or prove that any conduct, action, or payment occurred. *United States v. Zada*, No. 16-10435, 2017 WL 3446751, at *4 (11th Cir. Aug. 11, 2017) (letters and internal memorandum inadmissible hearsay to prove aspects of inheritance), *cert. denied*, No. 17-709, 2018 WL 311407 (U.S. Jan. 8, 2018); *Diaz v. AT&T Mobility*, No. 1:10-CV-3356-RLV-JSA, 2013 WL 12098747, at *3 (N.D. Ga. July 19, 2013) (rejecting unsigned and undated letter as inadmissible hearsay), *report and recommendation adopted*, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013), *aff'd sub nom. Diaz v.*

*Burchette*, 585 F. App'x 968 (11th Cir. 2014); *Lewis-Burke Assocs., LLC v. Widder*, 725 F. Supp. 2d 187, 197 (D.D.C. 2010) (finding e-mail to be inadmissible hearsay); *Baines v. United States*, 426 F.2d 833, 837 (5th Cir. 1970) (trial court judge found contracts could not prove actual performance and struck such evidence on hearsay grounds).

It is well settled case law that documents used to prove payment are hearsay, and inadmissible. *See United States v. Mazyak*, 650 F.2d 788, 792 (5th Cir. 1981) (four receipts were offered to corroborate travel, not "to prove the truth of the matter asserted, i.e. that a payment . . . actually occurred"); *Fed. Deposit Ins. Corp. v. Roldan Fonseca*, 795 F.2d 1102, 1110 (1st Cir. 1986) (money order receipts inadmissible hearsay to prove payments had been made); *United States v. Jefferson*, 925 F.2d 1242, 1252 (10th Cir. 1991) ("a receipt introduced as evidence of payment for a good or service constitutes hearsay"); *United States v. McIntyre*, 997 F.2d 687, 698 (10th Cir. 1993), *as amended on denial of reh'g* (Aug. 18, 1993) (registration cards inadmissible hearsay to prove date of hotel check in and purchase of hotel rooms); *Owen v. United States*, 34 F. Supp. 2d 1071, 1077 (W.D. Tenn. 1998) (documents inadmissible hearsay to prove payment and reason for payment). The government must use evidence other than the unsigned contracts to establish that Dr. Wang received compensation or supplementation of salary by a non-government entity and that these payments were intended to compensate him for his NOAA work.

## IV. CONCLUSION

Use of the Exhibits to prove payment or performance is inadmissible hearsay. Dr. Wang respectfully requests this Court grant this Motion in Limine and prohibit the Government from using the unsigned contracts as evidence of payment or work performed.

Dated: February 7, 2018

Respectfully submitted,

_s/ Samuel J. Rabin, Jr._
Samuel J. Rabin, Jr. (Fla. Bar No. 273831)
Samuel J. Rabin, Jr., P.A.
800 Brickell Avenue
Suite 1400
Miami, FL  33131
Phone: 305.358.1064
Fax: 305.372.1644
Email:  sjr@miamilawyer.com

Peter Zeidenberg (*pro hac vice*)
Laura E. Zell (*pro hac vice*)
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006-5344
Phone: 202.857.6139
Fax: 202.857.6395
Email:  peter.zeidenberg@arentfox.com
            laura.zell@arentfox.com

*Attorneys for Defendant Chunzai Wang*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2018, a true and correct copy of the foregoing Memorandum in Support of Motion In Limine was served by the Court's CM/ECF system on all counsel or parties of record on the service list.

*s/ Samuel J. Rabin, Jr.*
Samuel J. Rabin, Jr. (Fla. Bar No. 273831)

## SERVICE LIST

Michael G. Walleisa, Esq.
michael.walleisa@usdoj.gov
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
(954) 660-5948
(954) 356-7336
Attorney for Plaintiff, United States of America