UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20449-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

CHUNZAI WANG,
    Defendant.

## GOVERNMENT'S NOTICE OF INTENT TO USE 404(B) EVIDENCE AT TRIAL

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Use 404(b) Evidence at Trial, and would state the following:

1. The Defendant is charged in an eight-count Indictment with:

Counts 1 through 5 charge that on various dates as set forth in the indictment, the Defendant, Chunzai Wang, did knowingly make, cause to be made, and presented claims to a department or agency of the United States, that is, NOAA/AOML, knowing that the claims were false and fraudulent, in that the defendant made, caused to be made, and submitted a time and attendance report claiming wages for official work for the dates specified, when the defendant knew that he had not performed official work and had been on personal travel, in violation of Title 18, United States Code, Section 287.

Counts 6 through 8 charge that the Defendant Chunzai Wang, being an employee of NOAA/AOML, a bureau of the United States Department of Commerce, within the executive branch of the United States Government, did knowingly and willfully receive any salary, and contribution to and supplementation of salary, as compensation for his services as an employee of NOAA/AOML, from a source other than the Government of the United States, that is, the People's Republic of China, though one of three enumerated programs, in violation of Title 18, United States Code, Sections 209(a) and 216(a)(2).

2. The 404(b) evidence to be presented in this case will show that:

  a.  While on official travel during the period from May 27, 2010 to June 30, 2010, the

defendant claimed annual leave for the period of June 21 to June 28, 2010 on his travel voucher, but claimed official work time on his time and attendance report.

b.    While on official travel during the period from April 25, 2011 to May 22, 2011, the defendant claimed annual leave for the period of April 25, 2100 to April 29, 2011 on his travel voucher, but claimed official work time on his time and attendance report.

c.    In August 2013 the defendant received an email from Gustavo Goni advising him that he had traveled to Washington Dc without obtaining prior travel authorization in violation of NOAA/AOML polices and that he had been warned about similar conduct last year when he travelled to China and did not do a travel request but claimed official time.

d.    In February 2013, one of defendant Wang's postdoc students at CIMAS/UM, a program affiliated with NOAA/AOML, returned to China from the US to pursue a position with the "Hundred Talents Program" in China.  In a written statement defendant Wang acknowledged that he did not inform CIMAS/UM of the student's departure and continued to ensure that his student, Dr, Xin Wang, remained on the CIMAS/UM payroll even though he knew he was not working at CIMAS/UM. Defendant Wang's written statement set forth his position that it is absurd to use the timesheet as a tool to determine whether you get paid or not.

This evidence is admissible under Rule 404(b) and is inextricably intertwined with the facts of this case. This evidence is particularly relevant to counts 1 through 5 of the indictment as it is of the same nature and character as the charged offense, is temporally related, and evidence lack of mistake or ignorance.

## MEMORANDUM OF LAW

Federal Rule of Evidence 404(b) provides that evidence of bad acts or "other crimes" may be admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Evidence of other crimes or acts is evaluated under a three-part test: (1) the "other crimes" evidence is relevant to an issue other than the defendant's character; (2) the prior act occurred and the defendant was the actor; and (3) the probative value of the introducing the evidence outweighs any prejudicial effect. United States v. Zapata, 139 F.3d 1355 (11 Cir. 1998); United States v. Mills, 138 F.3d 928 (11 Cir. 1998). The rule is "one of inclusion which allows

[extrinsic] evidence unless it tends to prove only criminal propensity. The list provided by the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." United States v. Stevens, 365 F.3d 967, 975 (11th Cir. 2004) (quoting United States v. Cohen, 888 F.3d 967,975 (11 Cir. 1989).

First, the "other crimes" evidence is admissible to show the defendant's intent and state of mind. The Eleventh Circuit addressed the issue of "other crimes" evidence and intent in United States v. Zapata, 139 F.3d 1355 (11 Cir. 1998). It stated, "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Id. at 1358; See also, United States v. Delgado, 56 F.3d 1357, 1365 (11 Cir. 1995)(stating "a defendant who enters a not guilty plea makes intent a material issue" and holding "other crimes" evidence as relevant). The Eleventh Circuit reasoned that a district court should compare the defendant's state of mind in committing the "other crimes"/404(b) evidence with the charged offense. If the state of mind is the same for both offenses, the "other crimes" evidence is relevant. In addition, the district court should also consider the temporal remoteness of the "other crimes" evidence to the charged offense. Id. at 1358.

Second, the "other crimes" evidence must be established by sufficient proof to allow a jury to find that the defendant committed the 404(b) act.

Third, the "other crimes" evidence sought to be introduced is highly probative and is not substantially outweighed by undue prejudice. In considering the probative value of the "other crimes" evidence, the Eleventh Circuit has instructed courts to consider the degree of similarity between the 404(b) evidence and the charged offense. United States v. Delgado, 56 F.3d 1357, 1366 (11th Cir. 1995).

Evidence of criminal activity other than the offense charged is not extrinsic evidence if it is inextricably intertwined with the evidence of the charged offense. United States v. Jiminez, 224 F.3d 1243, 1249 (11 Cir. 2000); United States v. McLean, 138 F.3d 1398, 1403 (11 Cir. 1998); United States v. Collins, 779 F.2d 1520 (11 Cir. 1986).

In the instant case, the defendant has pled not guilty to the instant offense and has taken no affirmative steps to take intent out of issue. Thus, the "other crimes" evidence is relevant. Even if the defendant took affirmative steps to remove intent as an issue, Rule 404(b) evidence is proper to rebut the defendant's theory of the case. United States v. Cardenas, 895 F.2d 1338, 1345-46 (11 Cir. 1998).

Further, evidence which is not part of the crime charged, but which pertains to the chain of events explaining

the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story for the jury.  United States v. McLean, 138 F.3d 1398, 1403 (11 Cir. 1998); United States v. Williford, 764 F.2d 1493, 1499 (11 Cir. 1985). Evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.

Here, the other acts evidence is virtually identical to the activity charged in the current indictment, it involves the same statute and same criminal activity.

Where the "other crimes" evidence is sought to be introduced its relevancy is a function of it's similarity to the offense charged. United States v. Beechum, 582 F2d 898, 911 (5 Cir. 1978); United States v. Billups, 522 F. Supp 935, 955 (E.D. Va. 1981).  Where the elements of the extrinsic and charged offenses match as they do here exactly the extrinsic offense has greater value.  Beecham at 913. See also, United States v. Masters, 622 F2d. 83 (4th Cir. 1980) (Earlier firearms sales and status as a probationer were admissible in trial for unlicensed firearms dealing).

Although remoteness in time could decrease probative value, where the similarities are striking, remoteness in time is less important. United States v. Arroyo-Angulo, 580DF.2d 1137, 1149 (2nd Cir. 1978); United States v. Billups, 522 F. Supp 935, 955 (E.D. Va. 1981).  See also, United Stattes v. Woods, 484 F.2d 127 (4th Cir. 1973) (Deaths of other children were admissible even though occurring over more than a decade's time before homicide in question): United States v. Serrano, 161 F.3d 8 (5th Cir. 1998) ( Acts which occurred almost twenty years before the charged offense were admissible despite passage of time).

In the instant case the charged offenses involve the same intent and conduct as charged in Counts one through five of the indictment, however they are barred from prosecution by the statute of limitations.   The probative value of the conviction substantially outweighs its prejudicial effect anf the evidence would be admissible as impeachment evidence.

**WHEREFORE,** the United States submits that the proposed 404(b) evidence should be admitted at trial.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By:  *Michael Walleisa*

MICHAEL WALLEISA
Assistant United States Attorney
Florida Bar No. 539570
500 E. Broward Blvd., Suite 700 Ft. Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3548
Fax:(954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2018 , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ *Michael Walleisa*

MICHAEL WALLEISA
ASSISTANT UNITED STATES ATTORNEY